# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| **MICHAEL R. ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:20-cv-02644-JTF-atc** |
| | ) | |
| **CITY OF MEMPHIS/MUNICIPALITY** | ) | |
| **AND POLICE OFFICERS OF THE** | ) | |
| **MUNICIPALITY; (FNU) HARDAWAY;** | ) | |
| **(FNU)WEEAMS; (FNU) FERNANDEZ;** | ) | |
| **MICHAEL RALLINGS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO WITHDRAW THE COMPLAINT, AND DISMISSING CASE

---

Plaintiff Michael R. Adams filed a pro se complaint against the above-named Defendants on August 21, 2020. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b) and Amin. Order 2013-05, Apr. 29, 2013, the case was referred to United States Magistrate Judge Christoff, who conducted a screening of the complaint, under 28 U.S.C. § 1915(e)(2), and issued a Report and Recommendation ("R. & R.") on October 23, 2020, which is now before the Court. (ECF No. 7.) The parties raised no objections. However, Plaintiff subsequently filed a Motion to Withdraw the Complaint on November 6, 2020, which is also before the Court. (ECF No. 8.) Plaintiff's motion states in full: "Comes now Plaintiff (Adams) herein the above style case and do so concedes to the recommendations of the court and requests leave to withdraw this complaint." (ECF No. 8.) Because Plaintiff's Motion to Withdraw references his concession to the Magistrate Judge's

1

recommendation, but does not otherwise specify the nature of his requested withdraw, the Court finds it necessary to rule on the R. & R. first, as it informs the posture of dismissal.

## **FACTUAL HISTORY**

In the R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 7, 2-3.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific

objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)). This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

Acknowledging Plaintiff's unrepresented status and the deference courts are required to give pro se pleadings, the Magistrate Judge conducted a thorough review of the complaint and found that Plaintiff's federal claims under 42 U.S.C. § 1983 should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7, 10.) After finding that Plaintiff's federal claims should be dismissed, the R. & R. advised the Court to decline exercising supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id*.) (citing 28 U.S.C. § 1367(c)(3)). The Court agrees, and in the absence of objection by either party, finds that the R. & R. should be adopted.

The Court now turns to Plaintiff's Motion to Withdraw the Complaint. (ECF No. 8.) An action may be dismissed at a plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such dismissals are without prejudice "[u]nless the order states otherwise." *Id*. Here, although Plaintiff cites no legal basis for his requested withdrawal, the motion states that he "concedes to the recommendations of the court." (ECF No. 8.) By conceding to the R. & R., which recommends dismissing plaintiffs' federal claims with prejudice and declining supplemental jurisdiction over his state law claims, it appears that Plaintiff is seeking to voluntarily dismiss his claims. Thus, the Court construes Plaintiff's request to withdraw the complaint as a motion to voluntarily dismiss his claims. *See Herndon v. Black*, No. 2:12-cv-02087-JDT-cgc, 2013 U.S. Dist.

3

LEXIS 139395, at *4 (W.D. Tenn. Sep. 11, 2013), *report and recommendation adopted*, *Herndon v. Shelby Cty.*, No. 12-2087-JDT-cgc, 2013 U.S. Dist. LEXIS 138049, at *1 (W.D. Tenn. Sep. 26, 2013) (construing a pro se motion to withdraw the complaint as a motion for voluntary dismissal based on language in the motion and a lack of articulated legal basis). Accordingly, as the Defendants have not opposed Plaintiff's motion, the Court finds that it should be granted.

## CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the R. & R. in its entirety and **DISMISSES** Plaintiff's federal claims with prejudice and his state law claims without prejudice.[1] Plaintiff's motion to voluntarily dismiss his claims in accordance with the R. & R. is **GRANTED**.

**IT IS SO ORDERED** this 8th day of December 2020.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge

---

[1] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).